IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHRISTOPHER BARNETT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-00064-JED-FHM |
| (1) HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., (2) J. PATRICK CREMIN, (3) JOHNATHAN L. ROGERS, AND (4) UNIVERSITY OF TULSA, A PRIVATE UNIVERSITY, | ) |
| Defendants. | ) |

## DEFENDANT UNIVERSITY OF TULSA MOTION TO DISMISS PURSUANT TO THE OKLAHOMA CITIZENS PARTICIPATION ACT

**COMES NOW** Defendant the University of Tulsa [hereinafter "TU"], by and through its counsel of record, Mr. John David Lackey, and moves to dismiss Plaintiff's claims pursuant to the Oklahoma Citizens Participation Act, 12 O.S. § 1430, *et seq*. [hereinafter the "OCPA"]. In support hereof, TU would assert as follows:

## INTRODUCTION

Plaintiff's claims against TU relate to allegations that TU, acting with Defendants Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., J. Patrick Cremin, and Johnathan L Rogers [hereinafter collectively the "Hall Estill Defendants"] acted to deprive Plaintiff of his civil liberties under 42 U.S.C. §1983, along with various state law claims, by voicing the existence of a safety threat to the Oklahoma Attorney General's Office [hereinafter "AG's Office"] prior to a tangentially related state court proceeding.

To be clear, TU denies that it engaged in any conversation or correspondence with the Hall Estill Defendants related to the allegations contained in the state court *Petition*, but to the extent Plaintiff alleges TU engaged in protected conversations or suggests TU is otherwise legally responsible for the actions of the Hall Estill Defendants, TU seeks relief under the OCPA.[1]

The application of the OCPA to Plaintiff's claims is clear from the allegations in Plaintiff's pleadings. Pursuant to the express terms of the OCPA, therefore, the Court must dismiss Plaintiff's claims against TU (and the Hall Estill Defendants) unless Plaintiff brings forth clear and specific evidence establishing a *prima facie* case for each essential element of each of Plaintiff's claims.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff alleges that he is involved in a related lawsuit against, among others, Defendant University of Tulsa ("TU"), in which TU is represented by the Hall Estill Defendants (Doc. #2, Ex.1, Pg. 2, ¶ 10). Plaintiff alleges that, in the course of said lawsuit, he has criticized and satirized TU, and has engaged in conduct demonstrating "support of the 2nd Amendment of the U.S. Constitution." (Doc. # 2, Ex.1, Pgs. 2-3, ¶¶ 10-11).

2. Plaintiff alleges that, in advance of a hearing on January 4, 2018 in the related state court lawsuit, Defendants allegedly communicated with the Oklahoma Attorney General's Office to advise that Plaintiff posed a threat, which resulted in Plaintiff's being met at Judge Sellers's courtroom by a Tulsa County Sheriff's deputy, who inquired of Plaintiff as to whether he had "made any threats to anyone." (Doc. # 2, Ex.1, Pg. 3, ¶ 12).

3. Plaintiff commenced this action on January 5, 2018 in Tulsa County District Court (CJ-2018-50), claiming that TU and the Hall Estill Defendants conspired with the Tulsa County Sheriff's

---

[1] *See*, Doc. # 2, Ex. 1, generally for allegations against TU, *and see*, Doc. # 29, for argument by Plaintiff that the allegations against TU are cognizable under other legal theories

Office and the Oklahoma Attorney General's Office to violate Plaintiff's rights under the Fourth Amendment to the United States Constitution. Plaintiff's pleadings contain two counts of violations of 42 U.S.C. § 1983 (for "unlawful seizure" and "retaliation"), as well as state and common law claims for false imprisonment, false light, abuse of process, and civil conspiracy (Doc. # 2, Ex. 1).

4. On January 8, 2018, TU was served, by certified mail, with service of process in CJ-2018-50 (Doc. # 2, Ex. 9).

5. On January 30, 2018, the Hall Estill Defendants filed their *Notice of Removal* (Doc. # 2), removing this case (Tulsa District Court case CJ-2018-50) to the Northern District of Oklahoma based on federal jurisdiction pursuant to 28 U.S.C. §1331.

## ARGUMENT AND AUTHORITIES

The OCPA is Oklahoma's version of what is commonly referred to as an "anti-SLAPP" statute – SLAPP being an acronym for "strategic lawsuit against public participation."[2] The OCPA provides a streamlined mechanism to address the validity of lawsuits in which claims are brought in response to the defendants' own exercise of constitutional rights. By its express terms, the OCPA is to "be construed liberally to effectuate its purpose and intent fully." 12 O.S. § 1440(B).

Federal courts have held that they may hear and rule upon a state's anti-SLAPP motion to dismiss, at least with respect to state law claims that are before the Court pursuant to its

---

[2] Approximately 35 states currently have such statutes. The OCPA is patterned after Texas's anti-SLAPP statute found in Section 27.001, *et seq.* of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq.* The purpose of the OCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." 12 O.S. § 1430; *cf.* TEX. CIV. PRAC. & REM. CODE § 27.002.

supplemental jurisdiction. *See, e.g., Godin v. Schencks*, 629 F. 3d 79, 92 (1st. Cir. 2010); *Diamond Ranch Academy, Inc. v. Filer*, 117 F.Supp. 3d 1313, 1318 (D. Utah 2015); *Winters v. Jordan*, 2010 WL 2838634 (E.D. Ca. Jul. 20, 2010) (holding that a federal court may dismiss claims that are supplemental to federal claims in a case premised on federal question jurisdiction); *but see, Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 2016 WL 8254920, at *2 (D.N.M. Feb. 17, 2016) (holding that New Mexico's Anti-SLAPP statute is a procedural provision that does not apply in federal cases). Plaintiff has conceded that this Court has the power to determine an anti-SLAPP motion under the OCPA (Doc. # 25, Pgs. 5-7).

**I.      THE PROCEDURE FOR A MOTION TO DISMISS UNDER THE OCPA**

The basic operation of the OCPA is straightforward. Under the plain wording of the statute, if the challenged "legal action" is "based on, relates to or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." 12 O.S. § 1432. When a defendant files a motion to dismiss under the OCPA, the "court shall dismiss" the legal action if "the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise" of speech, associational, or petition rights. 12 O.S. § 1434(B) (emphasis added). If the moving party makes that showing, the "court shall not dismiss the action" only so long as "the party filing the legal action establishes by clear and specific evidence a *prima facie* case for each essential element of the claim in question." 12 O.S. § 1434(C).

Unlike a traditional dispositive motion filed by a defendant, "[t]he burden is not on the moving party but is on the plaintiff." *Anderson v. Wilken*, 2016 OK CIV APP 35, ¶ 4, 377 P.3d 149, 151. The OCPA requires that the moving defendant show only that the case relates to the

exercise of speech, associational, or petition rights, "and the burden then shifts to the plaintiff." *Id*. "Nor may the plaintiff rely on the facts pled in an OCPA dismissal proceeding." *Id*. Instead, the plaintiff must "establish 'by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Anderson*, quoting 12 O.S. § 1434(C).

The OCPA defines a "legal action" as a "lawsuit, cause of action, petition, complaint, cross-claim, counterclaim or any other judicial pleading or filing that requests legal or equitable relief." 12 O.S. § 1431(7). The OCPA defines speech, associational, and petition rights broadly. The "exercise of free speech" means "a communication made in connection with a matter of public concern."[3] 12 O.S. § 1431(3). The "exercise of the right of association" means "a communication between individuals who join together to collectively express, promote, pursue or defend common interests." 12 O.S. § 1431(2). The "exercise of the right to petition" has a comprehensive definition under the OCPA to include the following "laundry list" of examples:

a. a communication in or pertaining to:

    (1) a judicial proceeding,

    (2) an official proceeding, other than a judicial proceeding, to administer the law,

    (3) an executive or other proceeding before a department or agency of the state or federal government or a political subdivision of the state or federal government,

    (4) a legislative proceeding, including a proceeding of a legislative committee,

    (5) a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity,

---

[3] A communication is defined in the OCPA to include "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual or electronic." 12 O.S. § 1431(1). A "matter of public concern" means "an issue related to… health or safety… environmental, economic or community well-being… the government… a public official or public figure, or… a good, product or service in the marketplace." 12 O.S. § 1431(7).

(6) a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue,

(7) a proceeding of the governing body of any political subdivision of this state,

(8) a report of or debate and statements made in a proceeding described by division (3), (4), (5), (6) or (7) of this subparagraph, or

(9) a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting,

b. a communication in connection with an issue under consideration or review by a legislative, executive, judicial or other governmental body or in another governmental or official proceeding,

c. a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial or other governmental body or in another governmental or official proceeding,

d. a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial or other governmental body or in another governmental or official proceeding, and

e. any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the Oklahoma Constitution.

12 O.S. § 1431(4).

In considering a motion to dismiss under the OCPA, the Court "shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." 12 O.S. § 1435. Importantly, the Court may consider the pleadings alone should the allegations therein demonstrate that the legal action is based on, relates to or is in response to a party's exercise of the right of free speech, right to petition, or right of association. *See, Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) ("When it is clear from the plaintiff's pleadings that the action is

covered by the Act, the defendant need show no more.");[4] *cf.* 12 O.S. § 1440(B) ("The Oklahoma Citizens Participation Act shall be construed liberally to effectuate its purpose and intent fully.").

## II. PLAINTIFF'S CLAIMS ARE BASED ON, RELATE TO, AND ARE IN RESPONSE TO THE EXERCISE OF SPEECH, ASSOCIATIONAL, AND PETITION RIGHTS

While his allegations are conclusory and bereft of any factual detail, it is apparent from Plaintiff's pleadings that his claims against TU and the Hall Estill Defendants derive from the Defendants' exercise of speech, associational, and petition rights.[5] Indeed, Plaintiff's allegations are that, in retaliation for Plaintiff's incendiary public comments which Plaintiff concedes were "wildly inflammatory, and included posts involving photos of Plaintiff with multiple firearms, Defendants allegedly communicated with the AG's Office to advise them that Plaintiff posed a threat, which resulted in Plaintiff being met at Judge Sellers's courtroom by a Tulsa County Sheriff's deputy who inquired of Plaintiff as to whether he had "made any threats to anyone." (Doc. # 2, Ex.1, Pgs. 3-4, ¶¶ 12 & 18).

Even if true, Plaintiff's allegations directly implicate the Defendants' "exercise of free speech" under the OCPA, in that the Defendants are accused of communicating with the Oklahoma Attorney General's office about a matter related to safety and community well-being. *See* 12 O.S. § 1431(3) and (7); *cf. Seamons v. Snow*, 84 F.3d 1226, 1238 (10th Cir. 1996) (holding that the reporting of physical assaults is protected speech). Further, such communications were allegedly made among individuals, including TU and the Hall Estill Defendants, for the apparent purpose of

---

[4] Plaintiff has conceded the application of Texas law to construe the OCPA, which Plaintiff further notes is "almost verbatim" that of the Texas version. (Doc. # 25, Pg. 9).
[5] The Hall Estill Defendants also do not admit that such communications were made (Doc. #34, Pg. 7, n. 4), but assuming, *arguendo*, that they had been, such communications would derive from Defendants' exercise of speech, associational, and petition rights, as defined in the OCPA.

expressing, promoting, pursuing and defending their common interests, thus further implicating the "exercise of the right of association" under the OCPA. *See* 12 O.S. § 1431(2).

Above all, Plaintiff's allegations implicate the Defendants' "exercise of the right to petition" under the broad definition of this right provided by the OCPA. Even if true, the alleged communications between the Defendants and the AG's Office about potential threat involving the state court necessarily included communications pertaining to "a judicial proceeding" and/or "an official proceeding, other than a judicial proceeding, to administer the law." 12 O.S. § 1431(4)(a)(1)-(2). These alleged communications were "reasonably likely to encourage consideration or review of an issue by a[n]… executive… governmental body or in another governmental or official proceeding." 12 O.S. § 1431(4)(c). Moreover, these alleged communications fall under the "catch-all" definition of the "exercise of the right to petition" that includes "any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the Oklahoma Constitution." This is because the First Amendment right to petition includes the right to report a crime <u>or the danger of the commission of a crime</u>. *See, Meyer v. Bd. of County Commissioners of Harper County, Oklahoma*, 482 F.3d 1232, 1243 (10th Cir. 2007) ("We thus conclude that 'filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right' to petition the government for the redress of grievances."), citing *Estate of Morris v. Dapolito*, 297 F.Supp. 2d 680, 692 (S.D.N.Y. 2004); *see also Rupp v. Phillips*, 15 Fed. Appx. 694 (10th Cir. 2001) (cited with approval by the court in *Meyer* for its holding that reporting a danger of commission of crimes is protected by the First Amendment).

On the face of his pleadings, Plaintiff's claims are based on, relate to, or are in response to the Defendants' exercise of speech, associational, or petition rights under the OCPA. Therefore,

unless Plaintiff can show by clear and specific evidence a *prima facie* case with respect to each element of his claims, Plaintiff's claims must be dismissed with prejudice.

### III. TU IS ENTITLED TO AN AWARD OF COSTS, AS WELL AS THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFF TO DETER FUTURE, SIMILAR ACTIONS

12 O.S. § 1438 of the OCPA provides that if the Court orders dismissal of a legal action under the OCPA, it shall award the moving party the court costs, reasonable attorney fees, and other expenses incurred in defending against the legal action "as justice and equity may require." 12 O.S. § 1438(A)(1). The Court shall also sanction "the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in the" OCPA. 12 O.S. § 1438(A)(2). Therefore, to the extent the Court grants this *Motion*, the Court should order Plaintiff to pay TU's costs, reasonable attorneys' fees, and expenses incurred in defending this action, and sanction Plaintiff to deter him from doing this again.

### CONCLUSION

Based on the foregoing, TU respectfully request that the Court set this matter for hearing not later than sixty (60) days from the service of this *Motion*, and that, following such hearing, find that this action was brought based on alleged conduct protected by the OCPA, and as set forth in 12 O.S. § 1436(A). This Court should dismiss this action with prejudice to the re-filing of the same, award TU their court costs, reasonable attorney fees, and other expenses incurred in defending against Plaintiff's claims, sanction Plaintiff as the Court determines sufficient to deter him from bringing similar actions, and grant TU such other and further relief, at law or in equity, to which it is justly entitled.

WHEREFORE, premises considered, Defendant University of Tulsa prays this Court grant this *Motion to Dismiss Pursuant to the Oklahoma Citizens Participation Act*, for fees and costs as allowed by law, and for such other relief as is just and equitable.

Respectfully submitted,

/s/ John David Lackey
John David Lackey, OBA #20516
Paul & Lackey, P.C.
Nine East Fourth Street, Suite 400
Tulsa OK 74103-5118
Tele: (918) 584-2583
Fax: (918) 587-8521
***ATTORNEY FOR DEFENDANT***
***UNIVERSITY OF TULSA***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of March, 2018, a true and correct copy of the above and foregoing document was transmitted *Electronically via Court ECF System* to the following attorney(s) of record:

| | |
|---|---|
| Mr. Phil Richards<br>RICHARDS & CONNOR<br>ParkCentre Bldg., 12th Floor<br>525 South Main<br>Tulsa, Oklahoma  74103<br>*Facsimile: 918-585-1449* | *Attorney for Defendant Pat Cremin, Jonathan Rogers, and Hall Estill* |

And

| | |
|---|---|
| Mr. Dana Jim<br>P.O. Box 1011<br>Vinita, OK 74301<br>Facsimile: 918-517-3431 | *Attorneys for Plaintiff* |

And

Brendan M. McHugh
PO Box 1392
Claremore, OK 74018
(918) 608-011
Fax: (918) 803-4910
bmcq1990@gmail.com


    /s/ John David Lackey
    John David Lackey

Z:\WPFILES\6658\Pleadings\NDOK\Anti-Slapp Motion.docx