# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHRISTOPHER BARNETT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1) HALL ESTILL )<br>GABLE, GOLDEN & NELSON, P.C.; )<br>)<br>(2) J. PATRICK CREMIN; )<br>)<br>(3) JOHNATHAN L. ROGERS, )<br>)<br>and )<br>)<br>(4) UNIVERSITY OF TULSA, )<br>    A PRIVATE UNIVERSITY, )<br>)<br>Defendants. ) | Case No. 18-CV-64-TCK-FHM |

## PLAINTIFF'S RESPONSE AND OBJECTION IN OPPOSITION TO TU's MOTION TO DISMISS PURSUANT TO THE OKLAHOMA CITIZEN'S PARTICIPATION ACT

COMES NOW, the Plaintiff, Christopher Barnett, (Plaintiff) and hereby submits PLAINTIFF'S RESPONSE AND OBJECTION IN OPPOSITION TO TU's MOTION TO DISMISS PURSUANT TO THE OKLAHOMA CITIZEN'S PARTICIPATION ACT. Plaintiff requests that the motion to dismiss [Doc. No. 35] be denied as inapplicable and if applicable, waived by TU. Further, the motion fails substantively as well. In further support, Plaintiff alleges and states:

# FACTS

1. Plaintiff filed this action against conduct taken by TU aimed at Plaintiff in Tulsa County Case CV-17-832 wherein Plaintiff is seeking records from a state entity related to his spouse's lawsuit against TU. Defendants falsely reported that Plaintiff had made a threat to the Court, resulting in a deputy detaining Plaintiff and a judge interrupting his proceedings. See Transcripts of Jan. 4th 2018 in Tulsa County Case CV-17-832, attached as Exhibit 1, pp. 1-3. The source of the false report were attorneys for TU in a related case. Id. pp. 2-7.

2. The TU asserts that Plaintiff has conceded that the Oklahoma Citizen Participation Act, (OCPA) applies in federal court. This is untrue. Plaintiff asserted that it applied in the context Plaintiff was seeking, a completely different context than that which the TU is seeking. Plaintiff specifically noted the test used by Courts, including within this circuit, is whether application of the anti-slapp statute, here the OCPA, conflicted with the pleading requirements in the federal rules. See Fed. R. Civ. P. , Rules 8, 12 and 56. As applied to Plaintiff there was no conflict. Here, application of the OCPA does create a conflict in that it exceeds the requirements imposed by the federal rules.

3. That the TU waived any right to assert the OCPA when they removed the case.

4. That the TU fails to provide any evidence of protected conduct. To the contrary, the false reporting of a threat is wholly unprotected speech and conduct.

5. That to the extent the OCPA applies, Plaintiff requests an evidentiary hearing.

## BRIEF IN SUPPORT

## THE OCPA DOES NOT APPLY TO THE TUIN THIS CASE

As an initial matter, the court must determine if the Oklahoma Citizens Participation Act (OCPA), 12 O.S. §§1430-1440 applies in federal court. The OCPA is modeled after similar statutes in other states. See STEIDLEY v. COMMUNITY NEWSPAPER HOLDINGS, INC. 2016 OK CIV APP 63, ¶ 13, 383 P.3d 780. The OCPA, like most other states', are drafted to counter what are "known as 'strategic lawsuits against public participation' or "SLAPP suits." STEIDLEY ¶¶ 13-14. SLAPP suits include suits that target citizens for exercising their rights to petition their government as guaranteed by the First Amendment. See FREDERICK M. ROWE & LEO M. ROMERO, RESOLVING LAND-USE DISPUTES BY INTIMIDATION: SLAPP SUITS IN NEW MEXICO, 32 N.M. L. Rev. 217 (2002). Anti-SLAPP statutes thus seek to protect individuals from having their rights suppressed. The OCPA was not designed to protect million dollar universities and large law firms with unlimited resources from protection. See STEIDLEY v. SINGER, 2017 OK 8, 389 P.3d 1117, ¶ 4.

> "The stated purpose of the OCPA is to encourage and safeguard the constitutional rights of persons to "petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file a meritorious lawsuit for a demonstrable injury. It accomplishes this goal by allowing parties to file motions to dismiss legal actions if the legal action relates or is in response to free speech." Id.

The federal courts do not use the procedural or substantive test to determine if state law applies but use the conflict test. On March 23rd 2018 the Los Lobos case referenced by Plaintiff previously and by defendants in their OCPA motions. See Los Lobos Renewable Power, L.L.C., v. Americulture, Inc., Case No. 16-2046, Order of March 23rd 2018, (10th Cir. 2018), released for publication., attached hereto as Exhibit 2. The 10th Circuit questioned whether the New Mexico anti-slapp statute can co-exist with numerous federal rules that it seemingly conflicts with, specifically, Rules 11, 12 16, and 56. Id. at n. 8. The Court classified whether the anti-slapp statue can exist with the federal rules as "very much debatable. Id. The Court ultimately denied the anti-slapp statute's application because it was deemed procedural. Id. at pp. 28-29. Here, the OCPA conflicts with the same federal rules noted by the 10th Circuit in Los Lobos. Here, application of the OCPA would alter the pleading requirements and conflict with the federal rules.

**TU Has Waived The Application of The OCPA By Removing This Action**

In this case, the TU waived their right to assert the OCPA. "Waiver is the intentional relinquishment of a known right or privilege." Sellers v. Allstate Ins. Co., 82 F. 3d 350, 352 (10th Cir. 1996) [citing Department of Health v.

4

Donahue, 690 P.2d 243, 247 (Colo.1984)]    Waiver can be established either through an express statement or it can be implied through a party's conduct. Id.  "Waiver consists of an actual intention to relinquish a known right, either expressly or by conduct that warrants an inference of such an intent to relinquish." Aguero v. Aguero, 1999 OK CIV APP 38, ¶ 32. 976 P.2d 1088.   As noted by Justice Kennedy, the "law usually says a party must accept the consequences of its own acts." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 394 (1998) (Concurring Op.). In the instant case, Plaintiff filed this action in state court and Defendants invoked the jurisdiction of this court.  If TU wanted the OCPA to apply, they could have left the case in state court.  They must accept the consequences of their removal.

## THE OCPA SUBSTANTIVELY DOES NOT PROTECT THE TU

TU requested dismissal fails for another reason. The conduct engaged in by them is unprotected.  It fails because defamation is simply not protected. GAYLORD ENTERTAINMENT CO. v. THOMPSON, 1998 OK 30, 958 P.2d 128, 148. ; GROGAN v. KOKH, LLC, 2011 OK CIV APP 34, 256 P.3d 1021, 1024. The OCPA became effective November 1st 2014. See ANAGNOST 2017 OK 7, ¶ 8. The purpose of the OCPA "is to encourage and safeguard the constitutional rights of persons to 'petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law…'" Id. To effectuate the purpose of the OCPA, a party can file a special motion to dismiss a legal action if the

5

legal action relates or is in response to free speech.   The chief evil to be eradicated under the OCPA is to protect citizens from being chilled "from exercising their rights to petition the government by fear of the costs and burdens of the resulting litigation; and to limit the use of litigation being used  "to discourage the exercise of first amendment rights." <u>Steidley</u>, ¶ 13  [citing <u>Metabolic Research, Inc. v. Ferrell</u>, 693 F.3d 795, 799-800 (9th Cir.  2012)]. Here, TU falsely reported that Plaintiff made a threat on the Court.   This is defamatory and unprotected as are the claims that flow from the defamation.  <u>Thompson</u>, 958 P. 2d at 146-149. TU has failed to show that it engaged in protective conduct.   Therefore, the OCPA motion fails substantively as well.

Wherefore, for all the foregoing reasons, Plaintiff respectfully requests that the OCPA motion by TU be denied.

<u>s/ Brendan M. McHugh</u>

Brendan M. McHugh, OBA #18422
Attorney for Plaintiff
PO Box 1392
Claremore, OK 74018
(918) 608-011
Fax: (918) 803-4910
bmcq1990@gmail.com

## CERTIFICATE OF ELECTRONIC FILING

This is to certify that a correct copy of the above document has been sent via the Court's ECF notification system this 20$^{6th}$ day of March 2018 to:

Phil Richards RICHARDS & CONNOR ParkCentre Bldg., 12th Floor 525 South Main Tulsa, Oklahoma 74103 Facsimile: 918-585-1449;

Dana Jim P.O. Box 1011 Vinita, OK 74301 Facsimile: 918-517-3431 Co-Counsel for Plaintiff; and

John David Lackey, OBA #20516 Paul & Lackey, P.C. Nine East Fourth Street, Suite 400 Tulsa OK 74103-5118 Tele: (918) 584-2583 Fax: (918) 587-8521

                                                     s/ Brendan M. McHugh

                                                     Brendan M. McHugh