IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) CHRISTOPHER BARNETT, )
)
        **Plaintiff,** )
)
vs. )   Case No. 18-cv-00064-TCK-FHM
)
(1) HALL, ESTILL, HARDWICK, GABLE, )
GOLDEN & NELSON, P.C., )
(2) J. PATRICK CREMIN, )
(3) JOHNATHAN L. ROGERS, and )
(4) UNIVERSITY OF TULSA, a private )
university, )
)
        **Defendants.** )

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Recuse. (Doc. 19.) For reasons discussed below, Plaintiff's Motion to Recuse is **DENIED**.

**I.**     **Background**

Plaintiff Christopher Barnett ("Plaintiff") filed his Petition in District Court of Tulsa County on January 5, 2018. (Doc. 2-1.) Defendants Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., J. Patrick Cremin, and Johnathan L. Rogers removed the case on January 30, 2018 (Doc. 2), and the case was randomly reassigned to this Court on February 1, 2018. (Doc. 10.) On February 15, 2018, Plaintiff filed a Motion to Recuse pursuant to 28 U.S.C. § 455. (Doc. 19.)

Plaintiff argues that Defendant University of Tulsa ("TU")'s description of a donation made by the undersigned's wife creates a reasonable question as to his impartiality. Similarly, Plaintiff argues that TU brought "unnecessary attention" to certain disparaging comments regarding this Court when it attached those comments, among others made by Plaintiff, to its Motion for Protective Order. (Docs. 19, 30, and 39.) Defendants all argue that Plaintiff's factual

1

allegations regarding donations to TU do not create the appearance of bias, and that a Plaintiff may not create the basis for a recusal request with his own conduct. (Docs. 27 and 32.)

## II. Standard for Recusal

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2018). The test in this circuit is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The analysis is extremely fact driven. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Section 455 is not, however, intended to give litigants a veto over sitting judges, or a vehicle for obtaining a judge of their choice. Accordingly, a judge has an equal, countervailing obligation not to recuse himself when there is no occasion for him to do so. *See Cooley*, 1 F.3d at 993-94.

## III. Analysis

### A. Financial Contributions

In 2011, the undersigned's wife, Jeanette Kern, made a gift to TU, her alma mater, in the form of a single-payment life insurance policy. She purchased the life insurance policy for approximately $16,000, and it is payable to TU in the amount of $100,000 upon her death. *See Ross v. Univ. of Tulsa*, No. 14-CV-484, 2017 U.S. Dist. LEXIS 38650, *3-4 (N.D. Okla. March 17, 2017). Upon her death, this insurance gift will fund "The Jeanette Headington Kern Endowed Scholarship for Student-Athletes." (Doc. 19-3, description of scholarship on TU website.) The undersigned's wife purchased the insurance policy with her separate funds, and the gift does not appear on the undersigned's personal tax returns. *See Ross*, 2017 U.S. Dist. LEXIS 38650, *3-4.

Plaintiff notes in his motion that the Chapman Legacy Society has announced the "Jeanette Headington Kern Endowed Scholarship for Student-Athletes". The scholarship, however, cannot

2

come into being until her death.  Plaintiff goes on to quote additional statements from the Chapman Legacy Society noting that Jeanette Kern and "her husband, Terry C. Kern, have generously supported both academics and athletes at TU…"  The statement apparently further states that "TU has acknowledged the extraordinary and inspired philanthropy of Jeanette and Terry Kern…".

Though the undersigned had never seen these particular statements prior to this motion, they appears to contain more than a little hyperbole.  A $16,000 donation would generally not be enough to warrant such statements.  Apparently, the university is thanking Mrs. Kern in advance for the $100,000 they will receive when she dies.  Plaintiff argues that TU's description of the donation suggests that both the undersigned and his wife made this gift, in spite of the fact that the undersigned has expressly stated in *Ross* that the gift was made solely by Jeanette Kern, and solely from her own funds.  Plaintiff further suggests that TU's description of the gift creates the misleading impression that it was not in the form of a life insurance policy but rather a large, "in-time" donation, in direct contradiction of the facts as recited in *Ross*.  Apparently counsel has some difficulty in reading and understanding the English language.  A life insurance policy payable upon someone's death is not an "in-time" donation.  There is no "in-time" found in the dictionary.  The term "in time,' however, has a secondary meaning of "eventually," which is in fact when the insurance policy will be paid.

These facts are not sufficient to support recusal in this case.  Both the parties and the public can reasonably be expected to believe facts established in the public record.  *See Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 155 (S.D. N.Y. 2012) (a party making a recusal motion is charged with knowledge of all facts known or knowable with due diligence from the public record or otherwise); *United States v. Daley*, 564 F.2d 645, 651 (2d. 1977) (a motion to recuse was untimely where the facts supporting the motion were both public record and actually known to movant).

3

Moreover, if a judge had made such a gift, the gift would still not require recusal. A judge's status as an alumnus or contributor, without more, is not a reasonable basis for questioning a judge's impartiality. Rather, Plaintiff must allege facts demonstrating a specific bias, such as a specific and particular interest in the subject of the litigation or access to extrajudicial facts. *See Chalenor v. Univ. of N.D.*, 291 F.3d 1042, 1049-50 (8th Cir. 2002) ("Both the fact that Judge Webb is an alumnus of the University and the fact that he has contributed financially to the University are immaterial, unless the facts indicated a specific and particular interest in the wrestling program or some other particularly relevant problem."); *Lunde v. Helms*, 29 F.3d 367, 371 (8th Cir. 1994) ("We do not think that making alumni contributions or participating in university educational programs, without more, is a reasonable basis for questioning the judge's impartiality."); *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir. 1993) (while recusal may be required if a judge was a university trustee or could learn about the case through "extensive school ties," his status as adjunct professor and his past financial contributions to the university were insufficient to warrant recusal).

B.  **Plaintiff's Disparaging Comments**

Additionally, Plaintiff argues that disparaging remarks about the Court attached by TU to their Motion for Protective Order have "poisoned the well," and that there was no reason for TU to bring the statements made by Plaintiff to the Court's attention other than to besmirch Plaintiff to the Court. (Doc. 14.) Plaintiff also mentions a statement made as to Judge Dowdell, who was the original judge in this case. To begin with, the undersigned notes that he has been on the bench for more than twenty-four years, has fairly thick skin, and is aware that, as is the case for the vast majority of judges, there have been uncomplimentary statements made about him outside of court. Plaintiff has the right of free speech as long as he is outside of court, and the undersigned is not concerned with such statements or with Plaintiff's opinion of him. If, in fact, the undersigned had

4

made a gift of over a half-million dollars to TU, as apparently stated by Plaintiff (Doc. 14-2), then this Court might agree with such sentiment even though the case law cited herein might not have required a recusal.

Additionally, though Plaintiff has presented no legal argument for his "poisoned the well" theory, the Court notes that a Plaintiff may not, by his own conduct, manufacture grounds for recusal. For example, a judge is not required to recuse himself because of a litigant's intemperate and scurrilous attacks, in or out of court. *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) (in-court attacks); *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986) (defendant had filed lawsuit against the Judge and engaged in leafletting activities directed against him). A judge is similarly not disqualified merely because a litigant sues or threatens to sue him, where the facts of the situation allow for no other conclusion than that the courts are being abused. *See Mellow v. Sacramento County*, No. CIV S-08-0027 MCE GGH PS, 2008 U.S. Dist. LEXIS 112452, *8 (E.D. Cal. May 22, 2008); *see also Green v. Franklin*, No. 92-7089, 1994 U.S. App. LEXIS 15064, *3 (10th Cir. June 17, 1994); *Studley*, 783 F.2d at 939-40. In this case, Plaintiff may not manufacture grounds for recusal by making disparaging comments about this Court, and Plaintiff making disparaging comments does not require the undersigned to recuse himself.

Similarly, the fact that the Court has been made aware of these statements does not create grounds for recusal. A court is necessarily aware of disparaging comments made against the court when those comments are the subject of a motion to recuse. Regardless of whether the disparaging remarks are directed towards the Court, in the case of an in-court statement, or an actual or threatened lawsuit, or, here, comments made on the Internet, these disparaging comments do not require recusal. Accordingly, the fact that the Court has been made aware of Plaintiff's disparaging

statements does not change this Court's conclusion that Plaintiff's comments do not require recusal in this case.

### C. Plaintiff's Disparaging Comments Made Directly to the Court

Finally, the Court addresses a voicemail left for this Judge's Courtroom Deputy on May 25, 2018. In this voicemail, Plaintiff identified himself and inquired about the Court's delay in ruling on his Motion to Recuse. The voicemail ends with remarks that are wholly inappropriate and not necessarily protected by the Plaintiff's First Amendment right to free speech. The Court has ordered that a written transcript be made of this telephone call and be placed in the file in this case under seal. Parties are, of course, able to review the transcript if they desire.

Filing the transcript as a part of the record in this case should serve as a warning to the Plaintiff that the Court considers telephone calls to the Judge's Courtroom Deputy or to any court employee to be a matter that occurs "within the Court." *See Sevier v. Hickenlooper*, No. 17-cv-1750-WJM-NYW, 2017 U.S Dist. LEXIS 160912, *9-10 (D. Colo. Sept. 29, 2017) (ordering plaintiffs to cease *ad hominem* attacks on magistrate judge in pleadings or be subject to sanctions, including contempt of court or dismissal with prejudice); *Nutter v. Wefald*, 885 F. Supp. 1445, 1450-51 (D. Kan. 1995) (ordering plaintiff to refrain from telephoning chambers, and noting that the court may impose additional conditions and sanctions if plaintiff failed to comply); *cf*. OKLA. STAT. tit. 21 sec. 565 (providing for indirect contempt charges for willful disobedience of any court process or order); *Andrus v. Hurricane City*, No. 2:04-CV-1001 DAK, 2008 U.S. Dist. LEXIS 11999 (D. Utah Feb. 15, 2008) (comments to the Clerk's Office were subject to a judge's contempt powers under state law). Such comments expose Plaintiff to potential sanctions and criminal or direct contempt charges. Additionally, they are disrespectful to court proceedings, and to the Courtroom Deputy and Legal Assistants who have to listen to this type of vulgarity.

**IV.     Conclusion**

For the reasons set forth above, the Court finds that Plaintiff has failed to establish that the undersigned's impartiality might reasonably be questioned in the present case. Neither the undersigned's wife's financial contributions to TU nor Plaintiff's disparaging comments about this Court, nor both taken together, are sufficient to establish that a reasonable person, knowing all the relevant facts, would harbor doubts about the undersigned's impartiality. For these reasons, Plaintiff's Motion to Recuse is **DENIED**.

**SO ORDERED.**

**DATED THIS 18th day of June, 2018.**

**TERENCE C. KERN**
**United States District Judge**